UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
CENTRAL DIVISION

| | | |
|---|---|---|
| MARY JO BRANDIS, | ) | Case No. 07-3007 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **COMPLAINT** |
| | ) | |
| FARMERS ALLIANCE MUTUAL INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

For her claim against Defendant Farmers Alliance Mutual Insurance Company, Plaintiff alleges:

1.

Plaintiff Mary Jo Brandis was at all times material hereto a resident of Mellette County, South Dakota.

2.

Defendant Farmers Alliance Mutual Insurance Company was at all times material a Kansas corporation with its principle place of business in McPherson, Kansas and authorized to do business and doing business in the state of South Dakota.

3.

That jurisdiction is proper in this court pursuant to 28 USC § 1332 in that Plaintiff and Defendant are citizens of different states and the amount in controversy exceeds $75,000.

4.

On or about September 11, 2001, on Highway 44 in Mellette County, South Dakota, Rosie Gere negligently operated her motor vehicle and caused a collision with the Plaintiff's vehicle.

5.

The collision was proximately caused by the negligence, carelessness and recklessness of Rosie Gere by, *inter alia*, failing to keep a proper lookout, failing to control her vehicle, driving at excessive speed, and following too closely, thus rear-ending Plaintiff's vehicle.

6.

As a consequence of the accident, a lawsuit was commenced against Rosie Gere in the Circuit Court, Sixth Judicial Circuit, Mellette County, South Dakota. A copy of the Complaint served and filed in that action is appended as Exhibit "A."

7.

At the time of the accident, Defendant Farmers Alliance Mutual Insurance Company (Farmers) had issued to Plaintiff a personal auto policy, Policy No. PV 091916, under the terms of which Defendant insurer agreed to pay disability benefits in the amount of sixty dollars ($60.00) per week for a maximum of 52 weeks if the "disability shall prevent the 'named insured' from performing the usual duties of his or her regular occupation."

8.

Defendant was repeatedly contacted regarding the injury to Plaintiff and a Notice of the litigation against Ms. Gere was sent at the latest on August 18, 2005.

9.

Mary Jo Brandis through counsel, had provided Farmers with copies of pleadings, depositions, medical records, and medical expense verification.

10.

Farmers was notified that Acuity, on behalf of Rosie Gere, had offered to settle with Mary Jo Brandis for Acuity's policy limits of $25,000 in exchange for a release.

11.

On December 13, 2005, Defendant was notified that Plaintiff was not made whole as a result of the $25,000 settlement with Ms. Gere, therefore, an underinsured motorist claim was being presented as well as the contractual notification inquiring whether Defendant desired to substitute checks and defend the action.

12.

On or about January 18, 2006, Farmers stated it was not substituting checks and that it needed additional time to evaluate Mary Jo Brandis' claim.

13.

On January 19, 2006, the proposed settlement documents were forwarded to Defendant.

14.

On February 9, 2006 Defendant requested additional medical records which were then provided on February 13, 2006, and March 14, 2006.

15.

On April 27, 2006, another request for a response to Mary Jo Brandis' claim was made to Defendant.

On May 3, 2006, Defendant denied Plaintiff's underinsured motorist claim and made no mention of her claim for disability payments.

16.

On May 9, 2006, a request for re-evaluation of the underinsured motorist claim and another request for a response to Plaintiff's disability benefit claim was made to Defendant.

17.

On May 22. 2006, Defendant made a final denial of Plaintiff's claims.

18.

On May 23, 2006 a request for Plaintiff's insurance policy was made which was subsequently provided on June 5, 2006.

19.

On August 25, 2006, Plaintiff requested an explanation for her denial of coverage and a reconsideration of the denial of the medical payment and disability payments.

20.

After August 25, 2006, all contact with Defendant has been made through its attorney.

21.

Despite receiving all information regarding the injuries to Plaintiff, Defendant has refused to pay or even explain its denial of disability payments to Plaintiff.

22.

Notwithstanding the medical evidence furnished to Farmers which demonstrated the permanent injuries and medical expenses incurred by Plaintiff, Farmers refused and continues to refuse to pay its contractual obligations under the medical payment coverage, underinsured motorist coverage, and the disability coverage of its insurance policy that Plaintiff Mary Jo Brandis purchased.

23.

Defendant has refused to disclose the names of the doctor/reviewer or the reports generated by such persons which it relied upon to deny Plaintiff's claim.

24.

On October 10, 2006, Defendant requested a medical exam of Plaintiff by a doctor if its choosing, Dr. Christopher T. Dietrich, which Plaintiff submitted to on November 16, 2006.

25.

In late November 16, 2006, Dr. Dietrich's report was issued finding that Plaintiff suffered a cervical spine whiplash injury and a right rotator cuff impingement both of which required treatment through at least October 18, 2002.

26.

Dr. Dietrich further found the injuries suffered by Plaintiff to be related to the September 11, 2001 collision and that the medical treatment provided was reasonable and appropriate.

27.

On December 12, 2006, Defendant requested a medical record update which was provided on December 14, 2006.

28.

As of the date of this Complaint, no offer to provide further benefits under the insurance contract has been received despite numerous requests for payment of benefits.

29.

Defendant has breached the contract of insurance by failing to pay its contractual obligations under the insurance policy provisions, including, but not limited to disability payments.

30.

Defendant breached its duty of good faith and fair dealing with Plaintiff Mary Jo Brandis in the following respects:

  a. Failing to give equal consideration to the interests of the Plaintiff;

  b. Unreasonably delaying payments to Plaintiff in bad faith, despite Defendant's knowledge that Plaintiff's claim for benefits under the policy was valid;

  c. Failing to reasonably and promptly investigate and process Plaintiff's claim for disability benefits;

  d. Failing to make a good faith effort to obtain a prompt, fair, and equitable settlement of Plaintiff's claim for disability benefits after Defendant's liability had become reasonably clear;

  e. Failing to timely respond to Plaintiff's inquiries and demands, in contravention of South Dakota law;

    f.    Otherwise engaging in other acts or omissions violating Defendant's duty of good faith and fair dealing owed to Plaintiff.

31.

As a proximate result of the unreasonable and bad faith conduct set forth above, Plaintiff has suffered economic and consequential damages in an amount to be shown at trial. As a further proximate result of the wrongful conduct of Defendant, Plaintiff has suffered anxiety, frustration, worry, mental anguish and great inconvenience, all to Plaintiff's general damages in a sum to be determined at the time of trial.

32.

Defendant's actions were committed with malice and reckless disregard for the interests and rights of the Plaintiff, entitling Plaintiff to punitive damages in an amount appropriate to punish or make an example of Defendant.

33.

Defendant supplied false information and has withheld information regarding the processing of her claim and regarding coverage to Plaintiff.

34.

Defendant made the misrepresentations in the course of a transaction in which the Defendant had a financial interest.

35.

Defendant intentionally and/or negligently failed to obtain or communicate policy information to Plaintiff.

36.

Defendant supplied the policy information intending or knowing that Plaintiff and persons similarly situated to Plaintiff would rely on the information.

37.

Plaintiff acted reasonably in relying on the information provided by Defendant to Plaintiff's detriment.

38.

As a legal and proximate cause of Defendant's actions and inactions, Plaintiff has suffered economic and consequential damages in an amount to be shown at trial. As a further proximate result of the wrongful conduct of Defendant, Plaintiff has suffered anxiety, frustration, worry, mental anguish and great inconvenience, all to Plaintiff's general damage in a sum to be determined at the time of trial.

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

1. For general damages, both economic and non-economic, special and consequential;
2. For pre-judgment interest on the money withheld;
3. For punitive damages by way of example; and
4. For such other and further relief as is permitted at law or equity

Dated this 31st day of January, 2007.

JOHNSON EIESLAND LAW OFFICES, P.C.

By: _____
Aaron D. Eiesland
4020 Jackson Boulevard
P.O. Box 6900
Rapid City, SD 57709-6900
(605) 348-7300
(605) 348-4757 (Fax)
*Attorney for Plaintiff*

**TRIAL BY JURY IS DEMANDED**