

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

|  |  |
|---|---|
| MARY JO BRANDIS, | CIV 07-3007 |
| Plaintiff, | |
| -vs- | ORDER AND OPINION |
| FARMERS ALLIANCE MUTUAL INSURANCE COMPANY, | |
| Defendant. | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Plaintiff has filed a motion to strike the report and testimony of defendant's expert, Gary Jensen (Doc. 80). Defendant contends that the motion to strike is improperly categorized, overbroad, and untimely.

First, the parties have agreed to a bifurcated trial. "Phase One" will determine whether the plaintiff's damages exceed the amount recovered from the tortfeasor. If this question is answered in plaintiff's favor, "Phase Two" will address the breach of contract and bad faith claims asserted against the defendant. Defendant's expert, Gary Jensen, will only testify if the trial proceeds to "Phase Two," and his testimony will be limited to testifying to the ordinary practices of the insurance industry in handling claims.

Plaintiff claims that Jensen is not qualified as an expert because he has never held a position with an insurance company. This is immaterial. Whether or not an individual may be properly classified as an expert does not turn on his or her field of employment. Plaintiff supports her argument by citing to several South Dakota statutes on evidence. Counsel is reminded that in federal court, the Federal Rules of Evidence are controlling, not some state statutes. Federal Rule of Evidence 702 provides:

If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Under the Federal Rules of Evidence, there is no requirement that the witness be employed in the insurance industry in order to be considered an expert in insurance company practices. As Wigmore has stated, the witness's expertise "may have been attained, so far as legal rules go, in any way whatever; all the law requires is that it should have been attained." 2 Wigmore, Evidence (Chadbourn rev. 1979), Section 556 at 751. I find that Mr. Jensen's opinions on the ordinary practices of claim handling by the insurance industry are supported by his years of experience with insurance law. Therefore, the requirements of Daubert v. Merrell Dow Pharms., Inc., 509 U.S. 579 (1993), have been met. Mr. Jensen claims to be familiar with industry standards and his claims will be subject to cross examination and any evidence that may be introduced by the plaintiff.

However, Mr. Jensen's testimony will not be without limits. As the court ruled in its Order and Opinion (Doc. 75) "[n]o expert witness or party will be instructing the jury as to what the law is. That is the function of the court." That ruling is equally as applicable here. Mr. Jensen will not be allowed to invade the province of the court in instructing the jury as to what the law is. Mr. Jensen will, however, be allowed to offer an admissible opinion or inference on the issues to be decided by the jury if the trial proceeds to "Phase Two."

Second, the Fourth Amended Rule 16 Scheduling Order (Doc. 52) required that "all motions, other than motions in limine, together with supporting briefs, shall be filed and served on or before December 15, 2008." The plaintiff filed the motion to strike (Doc. 80) and supporting brief (Doc. 81) on February 4, 2009. Therefore, the court could deny this motion on the basis that it is untimely. However, since the court has disposed of this motion on different grounds, denying the motion on timeliness grounds is not necessary.

Now, therefore,

IT IS ORDERED that the motion, Doc. 80, to strike the report of defendant's expert, Gary Jensen, and to exclude his testimony at trial is denied.

Dated this 10th day of February, 2009.

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK

BY:

(SEAL)

DEPUTY